James S. Brown, J.
Petitioner seeks an article 78 review of the determination of the respondent board in refusing his application to transfer his retail liquor store license to other premises. Respondent placed its refusal on two grounds, viz., (1) the failure of the applicant to establish that public convenience would be served by such removal; (2) that the removal application, following closely on the acquisition of the license to operate at the premises from which the removal is sought, raises “serious doubts as to whether the said licensee has been operating or intended to operate the business for a sufficient period of time to enable him to show a bona fide effort to serve public convenience and advantage in his present location.”
*981 The board’s determination must be sustained “if either ground is valid ” (Porrazzo v. O’Connell, 119 N. Y. S. 2d 45, 47).
It is elementary law in matters of this kind that the action of a body such as this, set up by the State to regulate the sale of alcoholic beverages in the public interest, will not be interfered with by the courts except on a showing that it was taken arbitrarily or was the result of caprice. Upon demonstration that the board had reasonable warrant to arrive at its conclusion, judicial inquiry ends. Even were it inclined to feel that it would have arrived at a different result on the facts shown, a court may not substitute its discretion for that of the body with whom discretion has been lodged by the Legislature.
Petitioner has the burden of establishing that the action taken violates the foregoing principles. (Matter of City of New York [Ely Ave.], 217 N. Y. 45.)
On April 1,1955 which was the first date upon which he could do so in consonance with respondent’s rule 39, petitioner filed an application for permission to remove the license from 1995 Bedford Avenue, Brooklyn, to 24 Verona Place, Brooklyn, less than two miles away. The reason given for seeking the change was “ Insufficient volume of business at present location to cover expenses.” Attached to the application was an option given petitioner to rent the premises at 24 Verona Place for the retail sale of liquor therein “ subject to the approval of the State Liquor Authority.” The- option bore the date “February 23, 1955.” That date, being only 16 days subsequent to petitioner’s acquisition of a license to operate at premises 1955 Bedford Avenue, respondent’s deduction that preliminary negotiations for the securing of the option must have taken place some time prior thereto, and its subsequent deduction that petitioner acquired the Bedford Avenue, Flatbush, location for the purpose of a transfer to the Verona Place, Bedford-Stuyvesant location, are inferences which find fair and reasonable basis in fact. The court agrees that it is quite obvious that the petitioner purchased the Bedford Avenue store for the sole purpose of removing the license to a more lucrative location. The board’s finding that such practice is contrary to public interest led to its adoption several years ago of rule 39 whereby it placed a moratorium period on the receipt of removal applications generally. In a supporting affidavit of Thomas E. Bohan, the chairman of respondent, states that, “ The trafficking in retail liquor stores for the sole purpose of removing them to other locations is not to the public advantage, and is contrary to the spirit and intent of the Alcoholic Beverage Control Law, as well as the public policy of the State as set forth in Section 2,.of the Law.”
*982 In support of his claim that the business at the Flatbush location was insufficient to cover expenses, petitioner submitted comparative figures and tables for the years 1953, 1954 and for the first three months of 1955. Having acquired the premises in February of 1955, all of such figures, with the exception of those for February and March of 1955, must have been known to him when he bought that store and can scarcely be urged as circumstances beyond his control. Again there is a reasonable basis of inference for the board’s determination that petitioner failed to show “a bona fide effort to serve public convenience and advantage in his present location.”
It is also urged on behalf of the respondent in the aforementioned supporting affidavit of its chairman:
“ The files of the respondent show (Exhibit ‘ B ’, respondent’s Answer) that 24 Verona Place is in the Bedford Stuyvesant area of Brooklyn. Within (a radius of) approximately two square city blocks of this place there are already nine retail liquor stores. Petitioner concedes that there are sixteen such stores in the immediate vicinity of Verona Place. It should be apparent that there are few, if any, neighborhoods in the City of New York, no matter how densely populated, where public convenience and advantage would dictate the establishment of more than sixteen retail liquor stores. The members of the Authority are unable to conceive of any two block area where public convenience and advantage would require more than nine such stores.
“ Many religious and civic organizations have, from time to time, expressed to the Authority their rising concern with the number of liquor outlets in this area. As a result of this expression of concern the Authority has in recent years paid particular attention to the demands of public advantage in considering applications to establish liquor stores in this area.” Accordingly, the application is denied and the petition dismissed. Submit order.